In the Matter of the Application of ETTORE MANCUSO, Petitioner, for an Order of Mandamus against CHARLES A. HARRELL, as City Manager of the City of Schenectady; CLARENCE H. GREENE, as Deputy Director of Finance of the City of Schenectady; SAMUEL H. FRANKEL and Others, as Members of the Municipal Civil Service Commission of the City of Schenectady; and MORGAN STRONG, Respondents.

Supreme Court, Schenectady County, June 15, 1937.

*Ettore Mancuso*, attorney in person.

*Thomas Wallace, Corporation Counsel*, and *Arlen St. Louis, Assistant Corporation Counsel*, for the respondents.

LAWRENCE, J.   The city of Schenectady is under the city manager plan.   Petitioner is a World war veteran.   In February, 1936, the city council adopted an ordinance creating the position of director of public information and fixing the salary at $2,500.   The duties prescribed for such officer were, in a general way, to collect municipal data, statistics, facts and information and make the same available to the various city officials and departments, and to perform such other duties as might be given him by the city council or city manager.

Petitioner was appointed to this position in February, 1936, and served as such director until January 1, 1937.   In November, 1936, this ordinance was repealed, to take effect January 1, 1937, and thereby the office, or position, was abolished.   On January 5, 1937, the petitioner notified the city manager of his status as a veteran and claimed that under section 22 of the Civil Service Law he should not be discharged from the city service but should be transferred to a position in some other branch of the city service which he was fitted to fill, and at the same salary.   Under date of January 15, 1937, petitioner again wrote the city manager, calling attention to the fact that the position of assessor, whose salary was $3,400, was vacant, and claiming that he was fitted to assume and properly discharge the duties of assessor and demanding that he be transferred to such position.   In February, 1937, petitioner appeared personally before the manager, making the same demands, and was requested to furnish a statement of the facts, and in a letter of the same date petitioner describes his experience and qualifications.   In April, 1937, the assistant to the city manager resigned, to become effective April 15, 1937, and on April 16, 1937, the petitioner demanded that he be transferred to such position as secretary assistant to the manager.   His demand was referred to the corporation counsel, and about the same time the respondent, Marvin Strong, was appointed by the city manager as his secretary assistant.

From January 1, 1932, to December 15, 1932, petitioner served as secretary to the mayor, and from December 15, 1932, to December 31, 1933, he acted as corporation counsel. From February 25, 1936, to December 31, 1936, petitioner filled the position of director of public information.

Petitioner claims that the position of director of public information was a subordinate position in the city government and that, by reason thereof, he was and is entitled to the protection of the provisions of section 22 of the Civil Service Law. This is denied by the respondents. It is their claim that this is a department by itself and that when it was abolished, no duty rested upon the respondents to continue petitioner in service, and respondents further claim that the experience of petitioner, as set forth, does not fit him to act as assessor, and they deny that the position as assessor is a subordinate position in the department of finance. The respondents also deny that the petitioner is competent to assume the duties of secretary assistant to the city manager and particularly urge that the position of secretary assistant to the manager is confidential in nature and that to deny the manager the right to select his own secretary and assistant would tend to destroy harmony and efficiency.

I have made the above statement somewhat at length for the reason that, in my judgment, the circumstances themselves furnish an answer to the questions involved in this proceeding. It is of course true, as argued, that any person elected to the office of assessor is to be deemed qualified for the position, but voters upon an election usually have an opportunity to express a preference regarding the qualifications, while in the case of appointment such discretion is exercised by the appointing agency, and the fact that, on the one hand, the statement is made that the petitioner is qualified and that, on the other hand, there is a denial of such qualifications, would not justify peremptory mandamus directing such appointment, particularly in view of the fact that assessors perform functions of an independent and quasi-judicial character. In my judgment the office of assessor, under the circumstances here, is not a subordinate office, and the change in the form of the city government has not effected any change in the function of such office.

It is substantially conceded that the petitioner is qualified to act as secretary assistant to the manager. Many statements in the briefs submitted deal with facts which do not appear in the petition and answer, and these might justify granting an alternative order on the question of fitness, but it seems to me that this motion for peremptory mandamus should be decided as a matter of law, and to this the parties agreed upon the argument. I feel that the

city manager should be at liberty to appoint a secretary assistant of his choice, in whom he has confidence, for the purpose of harmony.

In my judgment such position should be deemed to be in the exempt class and confidential in its nature.

For the reasons stated the order of mandamus is denied, without costs.